IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL SHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-421-GMS |
| | ) |
| WARDEN PHIL MORGAN, MAJOR | ) |
| PARKER, C/O LEVAN, | ) |
| COMMISSIONER CARL DANBERG, | ) |
| and OFFICER JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Daniel Shaw ("Shaw"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

On June 1, 2008, Shaw was told he could not attend bible college even though he had been attending for more than one year. Next, his rosary, along with everyone else's, was taken away at HRYCI. Shaw filed a grievance and at the hearing was told that he could have one rosary. After a telephone call was made to the defendant, Warden Phil Morgan ("Morgan") Shaw was told his rosary would be returned. Shaw received his rosary upon his return to his pod, and the rest of the rosaries were passed out by a correction officer. On July 2, 2008, the defendant C/O Levan ("Levan") advised Shaw that the defendant Major Parker ("Parker")

instructed that all rosaries were to be taken. Shaw explain to Levan that he had prevailed after filing a grievance on the issue and Levan responded, "Oh well, the major just told [me] to take them."

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.,* No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Cooley,* 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus,* –U.S.–, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* –U.S.–, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Shaw is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because Shaw proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. DISCUSSION

Shaw names Commissioner Carl Danberg ("Danberg") as a defendant, although the complaint does not contain any allegations directed towards him. It appears that Danberg is named as a defendant based upon his supervisory position. The only allegation against Morgan is that during Shaw's grievance hearing, Morgan was telephoned, and then Shaw prevailed on the issue raised in the grievance.

Liability in a § 1983 action cannot be predicated solely on the operation of respondeat

superior. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (citations omitted). A plaintiff may set forth a claim for supervisory liability under § 1983 if he "(1) identif[ies] the specific supervisory practice or procedure that the supervisor failed to employ, and show[s] that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure." *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)). It is not enough for a plaintiff to argue that the alleged injury would not have occurred if the supervisor had "done more." *Id.* He must identify specific acts or omissions of the supervisor that evidence deliberate indifference and establish a link between the act or omission and the ultimate injury. *Id.*

In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). There is nothing in the complaint to indicate that Danberg or Morgan were the "driving forces [behind]" Shaw's alleged constitutional violation. Moreover, the complaint does not indicate that either Danberg or Morgan was aware of Shaw's allegations and remained "deliberately indifferent" to his plight. *Sample v. Diecks*, 885 F.2d at 1118. If anything, when Morgan was apprised of Shaw's complaint, he remedied the situation. Accordingly, the claims against Danberg and Morgan will be dismissed inasmuch as they have no arguable basis in law or

in fact pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

Based upon the foregoing analysis, the court will dismiss the claims against the defendants Phil Morgan and Carl Danberg pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Shaw will be allowed to proceed against the defendants Major Parker and C/O Levan. An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

Oct 10, 2008
Wilmington, Delaware

FILED
OCT 1 4 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL SHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-421-GMS |
| | ) |
| WARDEN PHIL MORGAN, MAJOR | ) |
| PARKER, C/O LEVAN, | ) |
| COMMISSIONER CARL DANBERG, | ) |
| and OFFICER JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 10th day of Oct., 2008, for the reasons set forth in the Memorandum issued this date,

1. The claims against the defendants Phil Morgan and Carl Danberg are **dismissed** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). They are dismissed from this action.

2. The court has identified what appears to be cognizable claims within the meaning of 28 U.S.C. § 1915A against the defendants Major Parker and C/O Parker. Shaw is allowed to **proceed** against these defendants.

3. The complaint names a John Doe defendant. When Shaw learns the identity of John Doe, he shall immediately move the court for an order directing amendment of the caption and service of the complaint on him.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), the plaintiff shall complete and return to

the clerk of the court **original "U.S. Marshal-285" forms for the remaining defendants Major Parker and C/O Levan,** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C). The plaintiff has provided the court with copies of the complaint (D.I. 2) for service upon the remaining defendants and the Attorney General of the State of Delaware. **The plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendant(s) and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of

Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** \*\*\* When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). \*\*\*

8. **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

_____
CHIEF, UNITED STATES DISTRICT JUDGE

FILED

OCT 1 4 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE