IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL SHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-421-GMS |
| | ) |
| MAJOR PARKER, C/O LEVAN, | ) |
| C/O CANNON, C/O KADOW and | ) |
| RICHARD KEARNEY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Daniel Shaw ("Shaw"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) His original complaint was screened, two defendants were dismissed, and he was allowed to proceed against the remaining defendants. Shaw filed an amended complaint on December 5, 2008. The court now proceeds to review and screen the amended complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I. BACKGROUND**

On June 1, 2008, Shaw was told he could not attend bible college even though he had been attending for more than one year. Next, his rosary, along with everyone else's, was taken away at HRYCI. Shaw filed a grievance and at the hearing was told that he could have one rosary. After a telephone call was made to the defendant, Warden Phil Morgan ("Morgan") Shaw was told his rosary would be returned. Shaw received his rosary upon his return to his pod, and the rest of the rosaries were passed out by a correction officer. On July 2, 2008, the

defendant C/O Levan ("Levan") advised Shaw that the defendant Major Parker ("Parker") instructed that all rosaries were to be taken. Shaw explain to Levan that he had prevailed after filing a grievance on the issue and Levan responded, "Oh well, the major just told [me] to take them."

The amended complaint identifies the John Doe defendant as Richard Kearny ("Kearney"), and adds two new defendants C/O C. Cannon ("Cannon") and C/O Kadow ("Kadow"). Shaw filed several grievances after he was told he could not attend Bible College. Shaw appealed the denial of his request to continued with Bible College, but his appeal was denied by Kearney on October 16, 2008. Shaw alleges retaliation for filing the grievances for this lawsuit as a result of disciplinary actions taken against him on July 31, 2008, following two shakedowns; one in June and the other in July. Shaw takes exception to the grievance procedure and also alleges that he was refused the right to an education.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6)

motions. *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (not reported); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S.89, 127 S.Ct. 2197, 2200 (2007).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.  A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Shaw is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).  "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3).  Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3).  "This 'does not impose a probability requirement at the

pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because Shaw proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

### III.  DISCUSSION

#### A. Personal Involvement

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The amended complaint adds new defendants Cannon and Kadow. However, it contains no allegations against these defendants, and Shaw provided no facts to support a claim against them. As a result, the claims lack an arguable basis in law or in fact and are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

#### B. Education

Shaw alleges that, because is not allowed to attend bible college, he was refused the right to a higher education. Unfortunately for Shaw, prisoners have no constitutional right to an education. *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989); *Risso v. Dawson*, 778 F.2d 527, 530-31 (9th Cir. 1985); *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982); *Longendorfer v. Roth*, No. 92-2180, 1992 WL 95919, at *1 (E.D. Pa. Apr. 23, 1992). The claim as currently presented, lacks an arguable basis in law or in fact and must, therefore, be denied pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### C. Grievances

Shaw alleges that the institutional grievance policy needs to be corrected. The complaint contains numerous allegations regarding grievances filed by the plaintiff, including an inadequate grievance procedure. The filing of a prison grievance is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (not reported). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. *Booth v. King*, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (citations omitted)(failure of prison officials to process administrative grievance did not amount to a constitutional violation) (not reported). Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights. *Hoover v. Watson*, 886 F. Supp. 410, 418-419 (D. Del.), *aff'd*, 74 F.3d 1226 (3d Cir. 1995).

Shaw cannot maintain a constitutional claim based upon his perception that the grievance process is inadequate. Therefore, the allegations of unconstitutional conduct relating to grievances filed are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### D. Personal Property

Shaw alleges that institutional policy for items taken from inmates needs to be corrected. A prisoner's due process claim based on random and unauthorized deprivation of property by a state actor is not actionable under § 1983, whether the deprivation is negligent or intentional, unless there is no adequate post-deprivation remedy available. *See Parratt v. Taylor*, 451 U.S.

527, 542 (1981), *overruled on other grounds by,* 474 U.S. 327 (1986); *Hudson v. Palmer,* 468 U.S. 517, 533 (1984). Shaw has available to him the option of filing a common law claim for conversion of property. Inasmuch as Delaware law provides an adequate remedy for Shaw, he cannot maintain a cause of action pursuant to § 1983. *See Hudson,* 468 U.S. at 535; *Nicholson v. Carroll,* 390 F. Supp. 2d 429, 435 (D. Del. 2005); *Acierno v. Preit-Rubin, Inc.,* 199 F.R.D. 157 (D. Del. 2001) (other citations omitted). As currently presented, the complaint lacks an arguable basis in law or in fact and must, therefore, be denied as frivolous.

### E. Retaliation

Shaw alleges retaliation in June and July 2008 by unnamed individuals as a result of the grievances he filed. He also refers to Kearney denying his grievance on October 6, 2008, and it may be that this is part of his retaliation claim.

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." *White v. Napoleon,* 897 F.2d 103, 111-12 (3d Cir. 1990). It has long been established that the First Amendment bars retaliation for protected speech. *See Crawford-El v. Britton,* 523 U.S. 574, 592 (1998); *Milhouse v. Carlson,* 652 F.2d 371, 373-74 (3d Cir. 1981). Proof of a retaliation claim requires that Shaw demonstrate (1) constitutionally protected conduct; (2) an adverse action by prison officials "'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights,'" and (3) "a causal link between the exercise of his constitutional rights and the adverse action taken against." *Mitchell v. Horn,* 318 F.3d 523, 530 (3d Cir. 2003) (citations omitted); *see also Allah v. Seiverling,* 229 F.3d 220 (3d Cir. 2000) (a fact finder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First

Amendment rights" (citations omitted)). "[O]nce a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Id.* at 334.

The facts, as alleged, do not support a cause of action for retaliation with regard to Kearney. The alleged retaliatory actions were taken against Shaw in June and July 2008. Kearney did not deny Shaw's appeal request until October 2008, and nothing in the complaint suggests that Kearney was aware of Shaw's grievances or this lawsuit prior to that time. Additionally, the complaint fails to name any other individuals who may have retaliated against Shaw. Therefore, the allegations of retaliation are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

Based upon the foregoing analysis, the court will dismiss the education, grievance, and retaliation claims and all claims against the defendants C/O Cannon, C/O Kadow, and Richard Kearney pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Shaw will be allowed to proceed against the remaining defendants on his first amendment religion claims. An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

Feb 14, 2009
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL SHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-421-GMS |
| | ) |
| WARDEN PHIL MORGAN, MAJOR PARKER, C/O LEVAN, COMMISSIONER CARL DANBERG, and OFFICER JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 18th day of Feb., 2009, for the reasons set forth in the Memorandum issued this date,

1. The claims against the defendants C/O Cannon, C/O Kadow, and Richard Kearney are **dismissed** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). C/O Cannon, C/O Kadow, and Richard Kearney are dismissed as defendants.

2. The court has identified what appears to be cognizable claims within the meaning of 28 U.S.C. § 1915A against the defendants Major Parker and C/O Parker. Shaw is allowed to **proceed** against these defendants.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), the plaintiff has provided the court with "USM-285" forms for the **remaining defendants Major Parker and C/O Levan,** as well as for the Chief Deputy Attorney General of the State of Delaware, 820 N. FRENCH STREET,

WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C). The plaintiff has provided the court with copies of the complaint and amended complaint (D.I. 2, 12).

3. The United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), the amended complaint, the court's October 14, 2008 order (D.I. 9), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** \*\*\* When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended

complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). \*\*\*

       8. **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

_____
CHIEF, UNITED STATES DISTRICT JUDGE