IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL SHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-421-GMS |
| | ) |
| MAJOR PARKER and C/O LEVAN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 5th day of July, 2012;

IT IS ORDERED that the plaintiff has shown cause for his failure to prosecute and the defendants's motion to dismiss for failure to prosecute (D.I. 60) is **denied**, for the reasons that follow:

## I. INTRODUCTION

The plaintiff, Daniel Shaw ("Shaw"), a former inmate at the Howard R. Young Correctional Center, Wilmington, Delaware filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. He proceeds *pro se* and has been granted leave to proceed without prepayment of fees.

## II. BACKGROUND

On December 27, 2011, the court ruled on all pending motions, granted the defendants' partial summary judgment and ordered Shaw to show cause by January 27, 2012, why the case should not be dismissed for his failure to participate in the litigation since November 4, 2010. (D.I. 56, 57.) Shaw responded on January 26, 2012, that he had taken no action because he had not heard from the court or the defendants since his last filed motion and was under the

impression that he would be notified by the court "of his next motion." In addition, Shaw was aware that the court had a back log due to the absence of judges. (D.I. 59.) In turn, the defendants filed an opposition to Shaw's compliance with the show cause order and, further, move to dismiss for failure to prosecute. (D.I. 60.) Shaw opposes the motion.

## III. DISCUSSION

When a plaintiff fails to prosecute or comply with a court order, the Court may dismiss the action, with prejudice, under Rule 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors that are appropriate to consider before dismissing a case for the plaintiff's late filing of a pretrial statement: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.)

In the instant case Shaw proceeds *pro se*. Shaw has provided an adequate reason for his failure to take any action in the case. Having weighed the *Poulis* factors the court finds they do not weight in favor of dismissal. *See also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

## IV. CONCLUSION

For the above reasons, the court denies the defendants' motion to dismiss (D.I. 60) and finds that Shaw has shown cause for his failure to prosecute.

CHIEF, UNITED STATES DISTRICT JUDGE

2